### In re COPIAG–LINDENHURST CO.

(District Court, N. D. New York.  March 14, 1917.)

BANKRUPTCY ⊝181—SALES BY BANKRUPT—CONFIRMATION.

Where the directors of an insolvent corporation had made a contract for the sale of the real estate of the corporation less than a month before its bankruptcy, and there was no evidence to show it was not bona fide, and the purchaser had paid the money into court and received his deed, the sale will be confirmed, notwithstanding an offer by some of the directors of a slightly increased price, and evidence that the value considerably exceeded the sale price, since to accept the offer would involve the estate in expensive litigation with the purchaser;

.[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 259, 260, 271, 273, 274.]

⊝For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

In Bankruptcy. In the matter of the Copiag-Lindenhurst Company, bankrupt. On return of order to show cause, on petition of the trustee in bankruptcy, why the trustee should not be authorized and directed to sell, free and clear of all liens, claims, and incumbrances whatever, the real property of the said bankrupt, known as Copiag farm, situate in the town of Babylon, Suffolk county, N. Y., notwithstanding a prior sale by the now bankrupt corporation. Prior sale affirmed.

Jas. H. Merwin, of Utica, N. Y., for petitioner.
J. G. Lamison, of New York City, for Carmichael.
M. G. Palliser, of New York City, for West.

RAY, District Judge. It appears from the papers in the case that the Copiag-Lindenhurst Company, a corporation, was insolvent, and that its real property in Babylon, Long Island, was mortgaged for about $8,000. November 7, 1916, a meeting of the directors of said corporation was held at Utica, N. Y., where it has its principal place of business, at which three of the five directors were present. A foreclosure of such mortgage was then pending. It was then agreed to sell the said property for $12,000, pay the mortgage debt, and turn the balance into the treasury of the corporation. A resolution to that effect was duly adopted. A deed was also executed and delivered to Irving W. Street, a director and secretary of the corporation, for delivery to the real purchaser on payment of the consideration by the purchaser. The name of the real purchaser not being known to him, the name of the grantee was left blank. On the 18th day of December, 1916, the Copiag-Lindenhurst Company was duly adjudicated a bankrupt in the Northern District of New York, and January 2, 1917, Willard C. Hughes, one of the directors of the said company was duly appointed trustee. Prior to said bankruptcy proceedings the mortgage referred to had been foreclosed and a sale advertised; the amount of the foreclosure judgment being $7,347.66. At the time of such resolution to sell for $12,000, an offer had been made of that sum by A. R. Carmichael. Carmichael makes affidavit that he has paid or caused to be paid of his purchase money, agreed to be paid, $8,000 into court to cover the foreclosure judgment, and that he has paid to the trustee in bankruptcy the balance, or $4,000.

Arthur C. West, C. H. Marshall, and Rufus Robinson filed an involuntary petition in bankruptcy against said company in the Eastern District of New York, but such proceeding is, of course, superseded by this proceeding in the Northern District of New York. These men made an offer to the bankrupt, after the above agreement to sell and the execution of said deed, to purchase said property and pay therefore the sum of $12,600. West brought an action in Suffolk county, N. Y., where the property is situated, to prevent the consummation of such sale, and filed a lis pendens. He says in his affidavit in this proceeding:

"I believe the property will realize on a sale far more than $12,000. I am credibly informed that it is worth over $15,000, and would bring that on a sale."

No one has offered that sum, or any sum in excess of $12,600 Willard C. Hughes is the president and a director of said corporation, David W. Watkins is a director, said Irving W. Street was a director and secretary, and said Arthur C. West and one Harry Lancaster are the other directors. There was some delay and negligence on the part of Street in obtaining the money and transferring it to the proper parties, and there is some intimation in the papers that he was seeking to profit by the transaction and secure a commission; but I do not think this contention is sustained. It is clear that West, Marshall, and Robinson would like to secure the property and offer an advance of $600, but for the trustee to disregard the contract of sale made by the corporation and resell would involve this bankrupt estate in litigation, which would involve delay and probably cost it more than that sum, and it would be a loser, instead of a gainer, by such a course.

As I understand the papers, the deed has been delivered, the money paid in to satisfy the mortgage debt, and the $4,000 is in the hands of the trustee for the estate. If so, the trustee will approve and accept the sale as an accomplished fact, and retain the consideration money, $4,000, paid. A somewhat different proposition would be presented if a proposed purchaser had presented himself willing to pay a sum in excess of $12,000, indicating actual fraud in the sale made.

So far as appears, the officers of the now bankrupt corporation received no offer in excess of $12,000 prior to the execution and delivery of the deed. On this motion no affidavit is presented showing an offer for the property in excess of $12,600 at any time. West, a director, claims he had no notice of the directors' meeting at which it was voted to make the sale for $12,000. The trustee is now the owner of the property, and if the sale mentioned was not good, he may sell it under direction of the court. I do not think the invalidity of that sale is established, and am of the opinion that it should be recognized and ratified and confirmed by the trustee, on receipt of the consideration and satisfaction of the mortgage.

So ordered.